IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **PATRICIA MARTINEZ,**<br><br>**Plaintiff,**<br><br>-v-<br><br>**TRANS UNION, LLC, and FLORIDA CENTRAL CREDIT UNION,**<br><br>**Defendants.** | **Civil Case Number:**<br><br>**CIVIL ACTION**<br><br>**COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff PATRICIA MARTINEZ ("Plaintiff") through the undersigned counsel, alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* against Defendants TRANS UNION, LLC ("Trans Union" or the "CRA Defendant") and FLORIDA CENTRAL CREDIT UNION ("FCCU") (collectively, the "Defendants").

## INTRODUCTION

1. Plaintiff's Complaint arises from violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* by Defendants.

2. Plaintiff contends that Trans Union failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's consumer reports.

1

3. Plaintiff further alleges that each Defendant failed to properly investigate inaccurate information on her credit reports in response to Plaintiff's disputes.

4. "Consumer reports" under 15 U.S.C. § 1681a(d) include both credit file disclosures obtained directly by Plaintiff from the consumer reporting agencies and reports obtained by third parties for purposes such as determining Plaintiff's eligibility for credit.

## JURISDICTION AND VENUE

5. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. All Defendants regularly conduct business within the State of Florida and violated Plaintiff's rights under the FCRA within the State of Florida as alleged more fully below.

6. Venue is proper in this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendants conduct business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

7. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

8. Plaintiff is a natural person who resides in Lakeland, Florida.

9. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

10. Defendant Trans Union, LLC ("Trans Union") is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

11. Trans Union is a limited liability company with its principal place of business at 555 W. Adams Street, Chicago, IL 60661.

12. Defendant Florida Central Credit Union ("FCCU") is a credit union organized and existing under the laws of the State of Florida, with its principal place of business located at 3305 W. South Avenue, Tampa, Florida 33614.

13. FCCU regularly furnishes consumer information to credit reporting agencies and is a "furnisher" of information to consumer reporting agencies as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2.

14. During all times pertinent to this Complaint, the Defendants were authorized to conduct business in the State of Florida and conducted business in the State of Florida on a routine and systematic basis.

15. During all times pertinent to this Complaint, the Defendants acted through authorized agents, employees, officers, members, directors, heirs,

successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

16. Any violations by the Defendants were not in good faith, were knowing, willful, negligent, and/or intentional.

## FACTUAL BACKGROUND

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

18. The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate consumer reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continual functioning of the banking system.

19. Congress enacted the FCRA to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.

20. The FCRA is intended to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other consumer information.

21. Experian, Trans Union, and Equifax, the three major consumer reporting agencies in the United States, regularly publish and distribute credit

information about Plaintiff and other consumers through the sale of consumer reports.

22. Plaintiff maintained a joint checking account with Florida Central Credit Union ("FCCU") from approximately mid-2024 until January 2025.

23. In January 2025, Plaintiff and her joint account holder closed the FCCU account in person at a branch location, after verifying with a bank representative that no pending transactions or debits remained. The account was formally closed that day.

24. Shortly thereafter, a charge attempt by Ring.com was declined due to the account closure. Plaintiff updated the payment method with Ring.com, and no further issues were reported at that time.

25. Unbeknownst to Plaintiff, FCCU manually processed and pushed through the same Ring.com charge of $10.69 in March 2025—over two months after the account had been closed.

26. FCCU did not notify Plaintiff of this post-closure charge, the resulting negative balance, or any subsequent account activity.

27. Plaintiff only became aware of the situation on or about June 2, 2025, when she received a credit monitoring alert indicating that FCCU had reported a charge-off on her credit reports with a $10 balance.

28. Plaintiff immediately contacted FCCU's branch manager, who admitted during a recorded phone call that:

5

    (a) The $10.69 charge should not have been processed;

    (b) A teller in the collections department improperly forced the charge through;

    (c) The error was entirely FCCU's fault; and

    (d) No notice was ever provided to Plaintiff before reporting the account as charged off.

29. The FCCU representative further stated that Plaintiff had multiple open deposit accounts in good standing at the time and that the $10.69 could have been offset without issue.

30. Despite accepting full responsibility for the error, FCCU required Plaintiff to pay the $10.69 in order to "zero out" the account and stated that they would "try" to have the charge-off removed from her credit report.

31. Plaintiff made the payment under protest, and FCCU subsequently updated its internal records to reflect a $0 balance. However, the charge-off notation remained on her Trans Union credit report.

32. Notably, Plaintiff's joint account holder, who was affected by the same error, had the negative tradeline removed entirely from his credit report. Plaintiff did not receive the same correction.

33. Sometime before July 16, 2025, Plaintiff submitted a formal written dispute to Trans Union pursuant to 15 U.S.C. § 1681i, enclosing a detailed explanation of the account closure, FCCU's error, and the resulting harm.

Plaintiff offered to provide FCCU's written admission of fault as part of the reinvestigation process.

34. Plaintiff clearly stated in her dispute that the $10 charge and charge-off were inaccurate and causing material professional harm, as she was in the process of applying for a Mortgage Loan Originator license—a process that requires a clean credit history.

35. Trans Union received Plaintiff's dispute, as evidenced by its reponse to Plaintiff's dispute on or about July 16, 2025.

36. Upon information and belief, FCCU was notified of this dispute by Trans Union.

37. Following receipt of Plaintiff's dispute, Trans Union failed to conduct a reasonable reinvestigation of Plaintiff's dispute and continued to report the inaccurate charge-off, thereby violating 15 U.S.C. § 1681i(a)(1)(A).

38. Upon information and belief, FCCU received notice of Plaintiff's disputes from the consumer reporting agencies but failed to conduct a reasonable investigation of the dispute or correct the inaccurate information, in violation of 15 U.S.C. § 1681s-2(b).

39. The tradeline reported by FCCU and published by Trans Union is patently inaccurate. The delinquency was not due to any fault or neglect on Plaintiff's part, but rather a system failure on the part of FCCU in processing a payment.

40. Upon information and belief, Trans Union had all the information necessary to locate, investigate, and correct this inaccurate information, but just failed to do so.

41. Furthermore, upon information and belief, FCCU also had all the information it needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

42. At all times pertinent hereto, Trans Union's conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under sections 1681s and 1681i of the FCRA.

43. At all times pertinent hereto, FCCU's conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s-2b of the FCRA.

44. As a direct and proximate result, the Defendants' willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed in her daily life. For example, Plaintiff's credit score dropped, and Plaintiff has been denied credit as a result of the Defendants' actions.

45. Plaintiff further suffered emotional distress along with frustration and annoyance because of the Defendants' actions and the effect of defamatory information about her being disseminated to third parties.

## COUNT I

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681i

## AGAINST TRANS UNION

46. All preceding paragraphs are realleged.

47. At all times pertinent hereto, Trans Union was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

48. The FCRA provides that "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." 15 U.S.C. § 1681i(a)(1)(a).

49. However, Defendant Trans Union has failed to conduct a reasonable investigation to determine whether the disputed information is accurately and correctly reported on Plaintiff's credit report, despite the expiration of its time to do so.

50. As a direct and proximate result of Trans Union's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT II

## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY

## 15 U.S.C. § 1681e(b)

## AGAINST TRANS UNION

51. All preceding paragraphs are realleged.

52. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

53. Had Trans Union followed procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate information being reported on the Plaintiff's credit report.

54. As a direct and proximate result of Trans Union's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## COUNT III

## FAILURE TO INVESTIGATE DISPUTE

## 15 USC § 1681s-2(b)

## AGAINST FCCU

55. All preceding paragraphs are realleged.

56. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

57. Plaintiff submitted written dispute to Trans Union disputing the accuracy of the account being reported by FCCU.

58. Upon information and belief, FCCU received notice of this dispute from the credit bureau.

59. FCCU was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

60. Even after the Plaintiff properly disputed this account information with the CRA Defendant and directly with FCCU, FCCU refused to conduct a reasonable investigation and continued inaccurately reporting the account on Plaintiff's credit reports.

61. FCCU's conduct violated section 1681s-2(b) of the FCRA.

62. FCCU's conduct was both negligent and willful, where the Defendant repeatedly refused to correct its patently inaccurate credit reporting.

63. As a result of the Defendant's conduct, the Plaintiff has been harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgments against Defendants for the following:

(a) Declaratory judgment that Defendant Trans Union violated the FCRA, 15 U.S.C. § 1681e(b) and 1681i;

(b) Declaratory judgment that Defendant FCCU violated the FCRA, 15 U.S.C. § 1681s-2(b);

(c) An award of actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1) or 1681o(a)(1);

(d) An award of statutory damages pursuant to 15 U.S.C. §§ 1681n(a)(1) and 1681o(a)(1);

(e) An award of punitive damages, as allowed by the Court pursuant to 15 U.S.C. § 1681n(a)(2);

(f) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and

(g) Such other and further relief as this Honorable Court may deem just and proper, including any applicable pre-judgment and post-judgment interest, and/or declaratory relief.

## **JURY DEMAND**

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: September 24, 2025

                                                  By: /s/ Joseph Kanee, Esq.
                                                      Joseph Kanee, Esq.
                                                      THE KANEE LAW FIRM, PLLC
                                                      1508 SW 23 Street
                                                      Fort Lauderdale, FL 33135
                                                      786-933-2775
                                                      joseph@kaneelaw.com
                                                      Attorneys for Plaintiff